UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDITH SALMERON, on Behalf of Herself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| V. | § § § | CIVIL ACTION NO. : 4:23-cv-2266 |
| ALLIANCE FOR MULTICULTURAL COMMUNITY SERVICES, | § § § § | |
| Defendant. | | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff Edith Salmeron ("Plaintiff") moves the entry of a Final Default Judgment in her favor against Defendant Alliance for Multicultural Community Services ("Defendant" or "Alliance") and would respectfully show the Court the following:

### I.    INTRODUCTION

Plaintiff filed this lawsuit against Alliance on June 20, 2023 (Doc. 1).  Plaintiff served Alliance with notice of this lawsuit by serving its registered agent on June 30, 2023 (Doc. 5). Alliance should have answered by July 21, 2023.  After Alliance failed to answer or otherwise respond to Plaintiff's complaint, Plaintiff requested that the Clerk enter a default against Alliance on August 22, 2023 (Doc. 6).  The Court entered a default on August 25, 2023 (Doc. 7).  Alliance has still not filed an appearance in this case or given any indication of any intent to defend against Plaintiff's complaint.  Accordingly, Plaintiff now requests that the Court enter default judgment.

1

## II.     FACTUAL AND LEGAL BACKGROUND

This is a Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., lawsuit. Plaintiff Salmeron worked for Alliance as a grant accountant from August of 2022 to May of 2023[1] (Exhibit 1, Salmeron Declaration, at ¶ 2). In that role, Alliance paid Plaintiff a total of $1,500 a week but did not pay her overtime because it misclassified her as exempt.

As detailed in her complaint, the position of a grant accountant does not meet any of the requirements for any of the FLSA's white collar exemptions. Grant accountants are not degreed accountants, and an accounting degree is not a prerequisite of the work (Doc. 1, at ¶¶ 30-31). Therefore, the professional exemption is inapplicable. *See* 29 C.F.R. § 541.300. Grant accountants are non-supervisory employees without hiring or firing authority, which would negate the executive exemption (Doc. 1, at ¶¶ 27-28). *See* 29 C.F.R. § 541.100. Finally, grant accountants are essentially involved in data entry and do not exercise independent judgment and discretion in the performance of their work (Doc. 1, at ¶ 29). These facts negate the administrative exemption. *See* 29 C.F.R. § 541.200.

Unlike normal misclassification cases, Alliance tracked Plaintiff's working hours through time sheets that she submitted monthly and had approved by her supervisor (Exhibit 1, at ¶ 5). Plaintiff's time records are attached as Exhibit A. Exhibit B to Plaintiff's declaration is a table that tabulates her hours and her pay rate to calculate her damages. Plaintiff's damages are calculated pursuant to 29 C.F.R. § 778.113. Pursuant to that regulation, Plaintiff is owed $8,354.33 in unpaid overtime and an equal amount in liquidated damages.

---

[1] The entirety of Plaintiff's time working for Defendant occurred in the FLSA's default two-year statute of limitations. *See* 29 U.S.C. § 255.

### III.   ARGUMENTS AND AUTHORITIES

**A. The Standard for Default Judgment**

When a Defendant fails to answer the complaint in a timely matter, the court: (1) may enter default against Defendant, (2) accept all well-pleaded facts in the complaint as true, and (3) if plaintiff has stated a valid claim, award the relief sought by plaintiff in this action. *See Senegal v. TAS Foods, LLC*, 2019 U.S. Dist. LEXIS 104065, *3-4, 2019 WL 2568630 (S.D. Tex. 2019) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)); *see also United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987)).

Here, the Court has entered a default. A default causes all well-pleaded allegations of fact related to liability to be deemed admitted. *See Jackson v. FIE Corp.*, 302 F.3d 515, 521, 524–25 (5th Cir. 2002); *see also Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) ("A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.") (quoting *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Accordingly, based on the Default, the Court should deem Alliance to have admitted the Plaintiff's well-pleaded allegations of fact.

Although the Court must accept these facts as true, the default alone does not warrant entry of default judgment, as the Court must determine whether the well-pleaded facts state a claim upon which relief may be granted. *See Nishimatsu*, 515 F.2d at 1206 ("There must be a sufficient basis in the pleadings for the judgment entered.... [D]espite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.").

In considering a Motion for Default Judgment, the Court must determine: ―(1) whether default judgment is procedurally warranted, (2) whether [the plaintiff's] complaint sets forth facts

sufficient to establish that it is entitled to relief, and (3) what form of relief, if any, [the plaintiff] should receive. *Cincinnati Specialty Underwriters Ins. Co. v. Park*, No. 1:18-CV-616- RP, 2019 WL 5197558, at *2 (W.D. Tex. May 15, 2019).

As to determining damages, while unliquidated damages are typically proven at an evidentiary hearing, "where a mathematical calculation of unliquidated damages is possible with reference to adequately detailed affidavits, a hearing is not necessary." *J&J Sports Prods., Inc. v. Bermudez*, No. SA-17-CV-387-XR, 2017 WL 4448244, at *4 (W.D. Tex. Oct. 5, 2017).

**B. Plaintiff has sufficiently plead Defendant's liability under the FLSA.**

In an FLSA case, the following elements must be met: (1) the existence of an employment relationship; (2) that Plaintiff was covered by the FLSA; (3) that Defendant failed to pay Plaintiff overtime/minimum wage; and (4) that Plaintiff is owed the amount claimed by a just and reasonable inference. *See, e.g., Jones v. Willy, P.C., Civil Action No*. H-08-3404, 2010 WL 723632, at *2 (S.D. Tex. Mar. 1, 2010) (citing 29 U.S.C. § 207(a) and *Harvill v. Westward Commc'ns, L.L.C.,* 433 F.3d 428, 439 (5th Cir. 2005)).

Plaintiff has established all of these elements. First, Plaintiff's complaint specifically alleges the existence of an employer-employee relationship with Alliance during the relevant time period. Furthermore, Plaintiff has attached a copy of her relevant time and pay records to this motion. Had Defendant answered, this element would not be in dispute. The second element, FLSA coverage, is also met. Plaintiff's complaint provides that Alliance has the required annual business volume for FLSA coverage and has employees, like Plaintiff engaged in commerce (Doc. 1, at ¶¶ 12-13).

As to the third element, the FLSA requires an employer to pay overtime wages at a rate of one- and one-half times the employee's regular rate of pay for hours worked in excess of forty

hours in a work week. *See* 29 U.S.C. § 207(a)(1). The records included with Plaintiff's declaration demonstrate that Alliance failed to pay her overtime in the weeks she identified. Fourth, Plaintiff records demonstrate the precise amount of overtime she is owed. Her damages are a matter of mathematical computation. Alliance paid her on a salary basis during the weeks at issue. Alliance also tracked her weekly hours worked. Accordingly, the damages she is owed are the additional half time that the FLSA guarantees for hours worked over forty in any given week.

**C. Plaintiff has provided adequate proof of the amount of damages she should recover.**

Rule 55(b) provides a court with discretion to convene an evidentiary hearing on the issue of damages. *See* Fed. R. Civ. P. 55(b)(2). When a party seeks default judgment, damages ordinarily may not be awarded "without a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, where the amount of damages can be "determined with certainty by reference to the pleadings and supporting documents," and where a hearing would reveal no pertinent information, "the court need not jump through the hoop of an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310-11 (5th Cir. 1993). A district court has "wide latitude" in deciding whether to require an evidentiary hearing when granting default judgment. *Id.* at 310. Here, Plaintiff does not request a hearing unless the Court believes one would be appropriate. Instead, Plaintiff has attached a declaration to her motion from which this Court may calculate damages. Accordingly, an evidentiary hearing to determine damages is unnecessary. *See Fauzi v. Royal Hospitality Servs., LLC*, 2016 U.S. Dist. LEXIS 73287, 2016 WL 3167080, at *2 (S.D. Miss. June 6, 2016) (explaining that hearing on damages was not required because affidavits filed with the court adequately demonstrated movant's entitlement to damages).

In an FLSA case with supporting records, as is the case here, damages are simply a matter of calculating what an employer should have paid the employee absent the violation of the law. Here, Alliance paid Plaintiff a flat weekly salary during the weeks at issue. Accordingly, Alliance owes Plaintiff the additional half time of the time and a half overtime calculation per 29 C.F.R. § 778.113. Across her employment, the total amount of unpaid overtime is $8,354.22.

Alliance also owes Plaintiff an equal amount of her unpaid overtime in liquidated damages. Section 216(b) of the FLSA provides that an employer in violation of Section 207 for unpaid overtime compensation is liable to the employee for that compensation and for an "additional equal amount as liquidated damages." 29 U.S.C. § 216(b). However, if a court finds that the employer "acted in good faith and had reasonable grounds to believe that its actions complied with the FLSA," the court may choose not to award liquidated damages. *Black v. SettlePou, P.C.*, 732 F.3d 492, 501 (5th Cir. 2013) (quoting *Singer v. City of Waco*, 324 F.3d 813, 822-23 (5th Cir. 2003)). Because liquidated damages are prescribed as the norm by Section 216(b), the employer bears the "substantial burden" to demonstrate "good faith and a reasonable belief that its actions did not violate the FLSA." *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 267 (5th Cir. 1998) (court still retains discretion to award liquidated damages even if employer shows good faith). Given that Alliance has defaulted on liability, it has also defaulted on any good faith defense it may have had therefore liquidated damages are appropriate.

### D. Attorneys' Fees and Costs

Prevailing plaintiffs in FLSA are entitled to their reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); *Steele v. Leasing Enters, Ltd.*, 826 F.3d 237, 249 (5th Cir. 2016) ("Although the district court has discretion to determine what is reasonable, the court does not have discretion to decline to award attorney's fees to a prevailing [plaintiff] without making such a determination").

Plaintiffs seeking fees have the burden of demonstrating the reasonableness of the fees that they seek. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

Courts in the Fifth Circuit use the "lodestar" method to calculate attorneys' fees to be entered post-trial (i.e., "multiplying the hours an attorney reasonably spent on the case by an appropriate hourly rate"). *Id.* (quoting *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). As a result, plaintiffs must demonstrate that (1) the billing rate sought by their attorneys is in line with the market rate in the community for such work; and (2) that their attorneys exercised billing judgement. *Id.* (citing *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).

Thereafter, courts apply the "Johnson factors" to determine whether counsel's performance requires an upward or downward adjustment. *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974) abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee [for similar work in the community]; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

However, "[t]here is a strong presumption of the reasonableness of the lodestar amount." *Id.* (citing *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010)).

7

### i. The hourly rates charged in this case are reasonable.

This case was prosecuted by two partner level attorneys with hourly billing rates of $500. Both attorneys for Plaintiff have in excess of 10 years of experience predominately handling FLSA cases, as provided in the attached declarations (Exhibits 2, 3).

"[T]rial courts are considered experts as to the reasonableness of attorney's fees." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004). A review of recent similar cases from this District demonstrates that the rates sought by Plaintiff's counsel here are more than reasonable:

- *Valdepena v. Nuestro Sagardo Corazon Primary Home CARE Inc.*, No. 5:19-CV-94, 2022 U.S. Dist. LEXIS 192863, at *5-6 (S.D. Tex. Sep. 15, 2022) (approving rates of $500 per hour)

- *Carranza v. Cirlos*, No. 2:18-cv-419, 2020 U.S. Dist. LEXIS 147902, at *2-3 (S.D. Tex. May 11, 2020) ($500 hourly rate is reasonable)

- *Novick v. Shipcom Wireless, Inc.,* No. 4:16-CV-00730, 2018 U.S. Dist. LEXIS 198446, at *7 (S.D. Tex. Nov. 21, 2018) (approving a $500 hourly rate for work on an FLSA case)

- *Rouse v. Target Corp.,* 181 F. Supp. 3d 379, 385 (S.D. Tex. 2016) (finding that "500 per hour is a reasonable hourly rate" for work on an FLSA case).

- *In re Wells Fargo Wage and Hour Employment Practices Litigation (No. III),* Case No. 4:11-md-2266 [Docs. 233-4, 239] (approving a $550 hourly rate)

- *Vela v. M&G USA Corporation*, 2020 U.S. Dist. LEXIS 12649, at *4 (S.D. Tex. Jan. 27, 2020) (approving rates of both $450 and $500 an hour for wage and hour matter)

- *Miller v. Raytheon Co.,* 716 F.3d 138, 149 (5th Cir. 2013) (upholding that "hourly rates of $577.50, $542.50, and $280 were reasonable, customary rates" in an ADEA case)

As the attached declaration from counsel demonstrates, Plaintiff's counsel's skill and experience in FLSA cases justifies their requested rates. Accordingly, counsel's request for legal

8

fees in the base amount of $7,400 is reasonable. This total is based on an hourly rate routinely found reasonable by other courts in this district for attorneys of similar experience in similar cases.

While Plaintiff does not seek an enhancement based on the *Johnson* factors, the application of those factors does support the fees requested in this case. The most critical factor of the *Johnson* factor analysis is the degree of success obtained. *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003). Here, Plaintiff is entitled to 100% of her unpaid overtime and liquidated damages. Furthermore, obtaining this result required over twenty hours of attorney time, a quarter of which has been written off (Factor 1). This case was also complicated because FLSA cases, especially FLSA exemption cases, involve a complex regulatory framework and are typically prosecuted by specialized attorneys (Factor 2). Additionally, Plaintiff's counsel worked on this case on a contingency fee basis and Plaintiff's representation took time that could have been spent on other cases (Factors 4, 6, and 7). Lastly, the hourly rates sought in this case are, as cited above, in line with awards in similar cases (Factors 9 and 12).

### ii. The time spent on this case is reasonable.

Plaintiff seeks recovery for a total of 14.8 hours of attorney time. As reflected in Plaintiff's counsel fee report, this time consisted of conducting an initial intake screening with Plaintiff, drafting and filing the complaint, and drafting the filings associated with the default. There was no extraneous work on this case. Further, Plaintiff's counsel has written staff time off completely and not billed for interoffice meetings or other work that was clerical in nature.

### iii. Recovery of litigation costs

Under the language of the FLSA, a prevailing plaintiff is entitled to recover the "costs of the action." 29 U.S.C. 216(b).

Generally, a plaintiff may only recover costs taxable under 28 U.S.C. § 1920. The "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Medical Center v. The New England PPO Plan of General Consolidation Management inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (internal quotation marks omitted).

Broadly, under 28 U.S.C. § 1920, taxable court costs include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title; and
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Here, Plaintiff seeks to recover for the $402 filing fee the clerk charged Plaintiff at the initiation of this case. The fee is reflected on the docket sheet for this case (Doc. 1). Plaintiff also seeks recovery of the $95 service of process fee (Exhibit 2, at Exhibit B).

## IV.     CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests that judgment be entered in her favor in the amount of $8,354.22 in unpaid overtime, $8,354.22 in liquidated damages, $7,400 in attorneys' fees, and $497 in costs.

Respectfully submitted,

By: */s/ Beatriz Sosa-Morris*
Beatriz Sosa-Morris
SOSA-MORRIS NEUMAN, PLLC
BSosaMorris@smnlawfirm.com
Texas State Bar No. 24076154
5612 Chaucer Drive
Houston, Texas 77005
Telephone: (281) 885-8844
Facsimile: (281) 885-8813

ATTORNEY IN CHARGE FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that this Motion was filed through the Southern District of Texas CM/ECF system on September 8, 2023. I further certify that a copy of this Motion and its exhibits were mailed by Certified Mail Return Receipt Request to the following addresses on September 8, 2023.

***Via CMRRR***
Alliance for Multicultural Community Services
c/o its registered agent
CT Corporation System
1999 Bryan Street, Suite 900
Dallas, TX 75201

***Via CMRRR***
Alliance for Multicultural Community Services
6440 Hillcroft Ave, Suite 411
Houston, TX 77081

/s/ Beatriz Sosa-Morris
Beatriz Sosa-Morris