United States District Court
Southern District of Texas
**ENTERED**
March 14, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Edith Salmeron, | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-23-2266 |
| | § | |
| Alliance for Multicultural | § | |
| Community Services, | § | |
|     *Defendant*. | § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 22. Pending before the court is Plaintiff's Motion for Default Judgment. ECF No. 34. The court has considered the motion and the applicable law. The court recommends that the motion be **GRANTED**.

### 1. *Factual Background*

This is a Fair Labor Standards Act case. Plaintiff, Edith Salmeron alleges that she was a non-exempt employee of the Alliance for Multicultural Community Services (the Alliance), which failed to pay her time and one-half for her overtime hours. ECF No. 1. On November 8, 2024, the Alliance's attorney moved to withdraw as counsel. ECF No. 27. The court held a hearing on the motion on November 25, 2024. Travis Gordon, an officer for the Alliance with the authority to bind the company, appeared by telephone at the hearing. ECF No. 30. Gordon explained that the Alliance was unable to pay its attorney's fees, and that the Alliance's board of directors was aware that the company must be represented by counsel to proceed in federal court. *Id.* Gordon further stated that he understood that failure to obtain replacement counsel may result in entry of default against the

Alliance. *Id.* Gordon nevertheless represented that the Alliance was unopposed to the motion to withdraw, and the court granted the motion. *Id.* The court gave the Alliance under December 31, 2024, to hire counsel. *Id.*

By January 17, 2025, there was no appearance of counsel on behalf of the Alliance, so the court set a hearing for the Alliance to show cause why default judgment should not be entered. ECF No. 31. The court held the show-cause hearing on January 31, 2025. The Alliance was given proper notice of the hearing, but no representative or attorney appeared on behalf of the Alliance. ECF No. 32. The court ordered the Clerk of Court to enter default against the Alliance and allowed Salmeron to file a motion for default judgment. *Id.* Salmeron filed her Motion for Default Judgment on February 7, 2025, and properly served it on the Alliance. ECF No. 34.

### *2. Legal Standards*

Plaintiff moves for default judgment because the Alliance has not obtained counsel and cannot proceed in federal court *pro se*. Default judgments are a drastic remedy and are disfavored. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Before entering a default judgment, the court must determine: (1) if default judgment is procedurally appropriate; (2) if plaintiff has presented a colorable claim; and (3) how to calculate damages. *Vela v. M&G USA Corp.*, No. 2:17-CV-13, 2020 WL 421188, at *1 (S.D. Tex. Jan. 27, 2020). The court must consider relevant factors including:

> whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself

> obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. A default judgment "must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs. Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). The allegations in the complaint, along with any additional evidence presented by the movant, must be sufficient to support the requested judgment. *GuideOne Ins. v. House of Yahweh*, 828 F. Supp. 2d 859, 861 (N.D. Tex. Dec. 7, 2011) (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Well-pleaded factual allegations are assumed to be true, except regarding damages. *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

### 3. Analysis
#### A. Default Judgment is Procedurally Appropriate

There are no material issues of fact. The Alliance agreed to allow its counsel to withdraw, and the court independently concluded that the motion to withdraw was meritorious. The Alliance has not obtained replacement counsel and thus cannot continue to litigate this case in federal court. *See Paradise Vill. Children's Home, Inc. v. Liggins*, 78 F. App'x 930, 931–32 (5th Cir. 2003) (quoting *Sw. Express Co. v. Interstate Com. Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982)). In these circumstances, it is within the district court's discretion to strike the unrepresented entity's pleadings, enter default judgment, or both. *Moore v. Chiro One Wellness Ctr. of Arlington PLLC*, No 3:13-cv-2950-N, 2014 WL 6901201, at *2 (N.D. Tex. Dec. 8, 2014). Because the Alliance has represented that it does not have the funds to hire another lawyer, sanctions short of striking the Alliance's answer and defenses and entry of default judgment would be futile. *Cf. id.* *3 (finding that sanctions short of default would not serve the ends of justice or

advance the disposition of the case on the merits, given that the defendant lacked funds to hire replacement counsel).

Plaintiff is suffering prejudice by the Alliance's failure to obtain replacement counsel. The case is essentially at a standstill and cannot proceed to final judgment on the merits. The cause for default is not the result of mistake or neglect. Although default judgment is a harsh remedy, it appears to be the only remedy available. Because the grounds for entering default judgment are clear, the court does not believe it would be obligated to set aside the default judgment later. The court therefore recommends that the Alliance's answer and affirmative defenses be stricken from the record, and that default judgment be entered against it.

### *B. Plaintiff Presents a Colorable Claim*

The FLSA requires employers to pay overtime compensation, at a rate not less than one and one-half times the regular rate, to non-exempt employees for each hour worked beyond forty hours per week. 29 U.S.C. § 207(a)(1).

Exemptions under the FLSA are generally a matter of affirmative defense upon which the employer bears the burden of proof. *Jordan v. Helix Energy Sol. Group, Inc.*, 346 F. Supp. 3d 890, 897 (S.D. Tex. 2018) (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188 (1974)). Because the Alliance's answer and affirmative defenses have been stricken from the record, the Alliance cannot succeed on any exemption defense.

To make a prima facie case for unpaid overtime work, the plaintiff must show: (1) an employment relationship with the defendant; (2) coverage under the FLSA; (3) the employer's violation of the FLSA's overtime compensation requirements; and (4) the amount of overtime compensation due. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019) (citation omitted). The FLSA guarantees overtime pay to employees engaged "in the production of goods for commerce" or

4

"employed in an enterprise engaged in commerce or in the production of goods for commerce[.]" *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citation omitted).

An employer that violates the overtime provision is liable for the aggrieved employee's unpaid overtime compensation and liquidated damages in the same amount. 29 U.S.C. § 216(b). A successful plaintiff in an FLSA case is also entitled to reasonable attorney's fees and costs of the action. *Id.*; *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir. 2010).

Plaintiff alleges that the Alliance was her employer, and that the Alliance has at all material times been engaged in interstate commerce, has had employees engaged in interstate commerce, and has an annual gross business volume of not less than $500,000. ECF No. 1 at 2–3. Plaintiff has thus shown that the Alliance is an employer covered by the FLSA. Plaintiff alleges that she worked for the Alliance as a grant accountant from August 2022 to May 2023. *Id.* at 3. Her job was to fill out forms and enter data. *Id.* Plaintiff was paid a flat weekly salary for her work. *Id.* She tracked her hours worked because the Alliance promised she could use her overtime hours as compensatory time off in a later month. *Id.* Plaintiff worked significant overtime hours but was never paid for those hours and never received compensatory time off. *Id.* Plaintiff has provided a damages calculation. Accordingly, Plaintiff has presented a colorable claim for unpaid overtime compensation. *See Shipco Gen.*, 814 F.2d at 1014 ("[W]ell-pleaded factual allegations are taken as true, except regarding damages.").

### C. Calculation of Damages

The Alliance tracked Plaintiff's work hours on time sheets, which have been attached to the pending motion. ECF No. 34-1 at 4–12. Plaintiff has attached a spreadsheet calculating the amount of unpaid overtime for every week during her employment. *Id.* at 14–20. The total unpaid overtime is $8,354.22. The

calculations appear to be correct. That amount should be awarded as actual damages.

### i. Liquidated Damages

The FLSA allows for an award of liquidated damages equal to the amount of unpaid minimum wages or unpaid overtime compensation. 29 U.S.C. § 216(b). However, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," the court may decline "in its sound discretion" to award liquidated damages. 29 U.S.C. § 260. Even if a defendant shows subjective good faith and objective reasonableness for failing to comply with the FLSA, the district court may nevertheless exercise its discretion to award liquidated damages. *Solis v. Hooglands Nursery, L.L.C.*, 372 F. App'x 528, 530 (5th Cir. 2010) (citation omitted).

Defendants have failed to show subjective good faith or objective reasonableness for failing to comply with the FLSA. Liquidated damages should be awarded in the amount of $8,354.22, equal to Plaintiffs' unpaid overtime compensation.

### ii. Attorney's Fees and Costs

The FLSA allows for the imposition of attorney's fees and costs to a prevailing plaintiff. 29 U.S.C. § 216(b). The only costs that can be awarded are those listed in 28 U.S.C. § 1920 unless "explicit statutory or contractual authorization" provides for recovery of others. *Gagnon*, 607 F.3d at 1045 (quoting *Cook Child.'s Med. Ctr. v. The New England PPO Plan of Gen. Consol. Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007)); *see also Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2014 WL 3534991, at *12 (N.D. Tex. July 17, 2014) (finding that "costs not specifically listed in Section 1920 are not recoverable by a prevailing FLSA plaintiff even if they are of the sort a lawyer would normally charge to a

6

fee-paying client"). The filing fee of $402, and $1,969.20 for the two deposition transcripts are recoverable as costs. The fee for the process server is not taxable as a cost, absent exceptional circumstances, which are not present here. *See Marmillion v. American Inter. Ins. Co.*, 381 F. Appx. 421, 431 (5th Cir. 2010). $2,371.20 should be awarded as costs.

To determine whether the requested attorney's fees are reasonable, the court must "first calculate[] the 'lodestar' by multiplying the reasonable number of hours spent on the case by the reasonable hourly rate." *Sheffield v. Stewart Builders, Inc.*, Civil Action H-19-1030, 2021 WL 951897, at *2 (S.D. Tex. Mar. 10, 2021). In the second step, the court considers the *Johnson*[1] factors to determine whether the lodestar should be adjusted. *Id.* The party seeking attorneys' fees bears the burden to prove the reasonableness of the hours spent, the hourly rate, and that billing judgment was exercised. *Pathan v. Basit Enters., Inc.*, Civil Action No. H-09-1506, 2011 WL 13244519, at *3 (S.D. Tex. Jan. 18, 2011). An attorney's unopposed requested hourly rate is generally assumed to be prima facie reasonable. *Cf. Shaw v. Ciox Health LLC*, Civil Action No. 19-14778, 2021 WL 928032 at *2 (E.D. La. Mar. 11, 2021). To determine whether the number of hours billed is reasonable, the court must "review [the] time records supplied by the movant and exclude from the lodestar calculation all time that is 'excessive, duplicative, or inadequately documented.'" *Pathan v. Basit Enters., Inc.*, Civil Action No. H-09-1506, 2011 WL 13244519, at *5 (S.D. Tex. Jan. 18, 2011) (quoting *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993)).

Plaintiffs' counsel filed a declaration attesting to the reasonableness of the requested hourly rate of $500. ECF No. 34-

---

[1] *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

7

2. The court accepts Plaintiffs' unopposed hourly rate of $500 as reasonable.

Plaintiffs' counsel's time records show that 51 hours were spent on this case. ECF No. 34-2 at 4–5. Plaintiffs' counsel documented in detail the hours worked on the case, and counsel's declaration states that several hours spent on the case were not included because they were judged to be clerical in nature. After reviewing the records, the court does not find any hours that are duplicative or excessive. The court finds that counsel exercised billing judgment.

The lodestar is therefore $25,500.

The *Johnson* factors, which the court considers in determining whether any adjustment to the lodestar figure is necessary, include: (1) time and labor required for the litigation; (2) novelty and difficulty of the questions presented; (3) skill requisite to perform the legal services properly; (4) preclusion of other employment; (5) customary fee; (6) whether the fee is fixed or contingent; (7) limitations imposed by the client or circumstances; (8) amount involved and the result obtained; (9) experience, reputation, and ability of the attorneys; (10) undesirability of the case; (11) nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. The court concludes that none of these factors favors an adjustment in the lodestar amount.

### *4. Conclusion*

The court recommends that Plaintiffs' Motion for Default Judgment, ECF No. 34, be **GRANTED**.

The court further recommends that Plaintiffs be awarded $8,354.22 in actual damages for unpaid overtime, $8,354.22 in liquidated damages, $25,500 in attorney's fees, and $2,371.20 as costs.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on March 14, 2025.

_____
Peter Bray
United States Magistrate Judge